T.C. Memo. 2000-32

UNITED STATES TAX COURT

WILLIAM WARREN KELLY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2457-98.                    Filed January 28, 2000.

William Warren Kelly, pro se.

<u>Robert V. Boeshaar</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  Respondent determined deficiencies in petitioner's 1993 and 1994 Federal income taxes in the amounts of $1,631 and $2,014, respectively.  The issue is whether petitioner's aircraft leasing activity is a passive activity under section 469.[1]  Petitioner resided in Springfield, Oregon, at the time he filed his petition.

_____

[1]     Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## Background

The facts may be summarized as follows. During 1993 and 1994, petitioner was employed full time by a logging company as an equipment operator and mechanic. In 1993, petitioner owned six fixed-wing light aircraft, two of which he purchased in December 1993. In 1994, petitioner purchased an additional aircraft. During 1993 and 1994, petitioner entered into aircraft leasing agreements with Friendly Air Service, Inc. or other fixed base flight schools (collectively Friendly Air) in the Eugene, Oregon, area.

Under the lease agreements, Friendly Air leased the aircraft from petitioner. Friendly Air would in turn use the aircraft for flight instructions or rent them to other pilots at hourly rates. Petitioner does not have a commercial pilot's license and cannot give flight instructions or transport paying passengers. The leases were for 1 year but could be canceled with a 30-day written notice. Friendly Air scheduled all flights and was responsible for routine cleaning, maintenance, and fueling of the aircraft. Petitioner received $34 per hour of flying time. Petitioner was responsible for the payment of all fuel, maintenance, repair costs, and premiums for commercial insurance. Friendly Air maintained financial records for the leasing of the aircraft. Petitioner did not keep any contemporaneous logs or records of the aircraft activities. The parties, however, agree

that petitioner did spend at least 500 hours each year in conjunction with the activity.

Petitioner claimed losses from his aircraft leasing activities in the amounts of $11,274 and $27,014 for 1993 and 1994, respectively. Respondent disallowed those losses as passive activity losses.

## Discussion

Section 162 allows deductions for ordinary and necessary expenses incurred in carrying on a trade or business. Section 212 allows deductions for ordinary and necessary expenses incurred for the production of income or the management or maintenance of property held for the production of income. Section 469, however, limits the deductions for losses from any "passive activity".

A passive activity is any activity involving the conduct of a trade or business in which the taxpayer does not materially participate. See sec. 469(c)(1)(A) and (B). All rental activities are generally passive. See sec. 469(c)(2). Furthermore, a rental activity is passive whether or not the taxpayer materially participates. See sec. 469(c)(4); Frank v. Commissioner, T.C. Memo. 1996-177. An activity is a rental activity if (1) during the taxable year the tangible property held in connection with the activity is used or held for use by customers and (2) the gross income attributable to the conduct of

the activity represents amounts paid for the use of the tangible property.  See sec. 469(j)(8); sec. 1.469-1T(e)(3)(i), Temporary Income Tax Regs., 53 Fed. Reg. 5702 (Feb. 25, 1988).  Under the literal language of the statute, petitioner is engaged in a rental activity and section 469(a) applies.

The regulations provide several exceptions where activities involving tangible property will not be considered rental activities.  See sec. 1.469-1T(e)(3)(ii), Temporary Income Tax Regs., 53 Fed. Reg. 5702 (Feb. 25, 1988).  Petitioner, however, has not directed us to any specific provision of the regulations.  Morever, we have examined these provisions and do not find any relief for petitioner.  For example, section 1.469-1T(e)(3)(ii)(A) and (B), Temporary Income Tax Regs., 53 Fed. Reg. 5702 (Feb. 25, 1988), provides that, if the period of customer use is 7 days or less (or 30 days or less and there are significant personal services provided by the taxpayer), the activity involving the use of tangible personal property is not a rental activity.  But, under the facts here, the lessee is Friendly Air, and the leases were on a yearly basis.  Even if petitioner satisfied the other requirements, the exceptions in the regulations would not apply.

Petitioner also may contend that the exception contained in section 469(i) is applicable because he "actively participated" in the activity.  Sec. 469(i)(1).  But that section applies only

to "rental real estate activities".  Id.; see also Frank v. Commissioner, supra.

In sum, petitioner's leasing of the aircraft is a rental activity and, as such, is a passive activity under the statute and the regulations.  While petitioner may have materially participated in the activity, material participation does not exempt the activity from the passive loss rules contained in section 469.

Decision will be entered

for respondent.